MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KRISTIN L. VASSALLO
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Telephone:  (212) 637-2822
Facsimile:  (212) 637-2730

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                   :
UNITED STATES OF AMERICA,          :        ECF CASE
                                   :
          Plaintiff,               :        COMPLAINT
                                   :
     v.                            :        07 Civ. _6335___
                                   :        (CLB)(LMS)(WP)
THOMAS P. SOBIECH, ROBIN SOBIECH,  :
NICHRIS CORPORATION, PINE ISLAND   :
GROUP, INC., GOTHAM RENOVATION     :
GROUP, INC., ORANGE COUNTY TRUST   :
COMPANY, JOSEPH WU, SHARYLAND      :
L.P. d/b/a PLANTATION PRODUCE      :
COMPANY, M&M PACKAGING, INC.,      :
MELLON BANK, UNITED PENN BANK,     :
PIETRZAK & PFAU ENGINEERING &      :
SURVEYING, PLLC, JOHN DOES NOS.    :
1-10 and JANE DOES NOS. 1-10,      :
                                   :
          Defendants.              :
                                   :
- - - - - - - - - - - - - - - - - -x

          Plaintiff, United States of America, acting through the

Farm Service Agency, formerly the Farmers Home Administration,

United States Department of Agriculture (hereinafter, the "United

States" or the "Government"), by its attorney, Michael J. Garcia,

United States Attorney for the Southern District of New York, for

its complaint herein alleges upon information and belief as

follows:

<u>INTRODUCTION</u>

1.  This is an action brought by the United States to foreclose a mortgage on property in the Town of Warwick, County of Orange and State of New York, within the Southern District of New York.

<u>JURISDICTION AND VENUE</u>

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b), in that the property is located within the jurisdiction of the Southern District of New York.

<u>THE PARTIES</u>

4.  The Farm Service Agency, formerly the Farmers Home Administration, United States Department of Agriculture (the "FSA"), is an agency of the United States.  The United States is a sovereign and body politic.

5.  Defendants Thomas P. Sobiech and Robin Sobiech reside at 1005 County Route 1, Pine Island, New York 10969.

6.  Defendant Nichris Corporation, 3 Brozdowski Lane, Pine Island, New York 10969, is named as a defendant herein because it has, or may claim to have, an interest in, claim, or lien against the premises.

7.  Defendant the Pine Island Group, Inc., 827 Route 1, Pine Island, New York 10969, is named as a defendant herein

because it has, or may claim to have, an interest in, claim, or lien against the premises.

8.    Defendant Gotham Renovation Group, Inc., 455 Crescent Street, Brooklyn, New York 11208, is named as a defendant herein because it has, or may claim to have, an interest in, claim, or lien against the premises.

9.    Defendant Orange County Trust Company, 212 Dolson Avenue, P.O. Box 790, Middletown, New York 10940, is named as a defendant herein because it has, or may claim to have, an interest in, claim, or lien against the premises.

10.    Defendant Joseph Wu, 176 Broadway, Suite 9D, New York, New York 10038, is named as a defendant herein because he has, or may claim to have, an interest in, claim, or lien against the premises.

11.    Defendant Sharyland L.P. d/b/a Plantation Produce Company, 2707 East FM1016, P.O. Box 1043, Mission, Texas 78573-1043, is named as a defendant herein because it has, or may claim to have, an interest in, claim, or lien against the premises.

12.    Defendant M&M Packaging Inc., 401 Pulaski Highway, Goshen, New York 10924, is named as a defendant herein because it has, or may claim to have, an interest in, claim, or lien against the premises.

13.    Defendant Mellon Bank, 1735 Market Street, 8th Floor, Philadelphia, Pennsylvania 19103, is named as a defendant

herein because it has, or may claim to have, an interest in, claim, or lien against the premises.

14. Defendant United Penn Bank, c/o Mellon Bank, 1735 Market Street, 8th Floor, Philadelphia, Pennsylvania 19103 (which was acquired by Mellon Bank in or around 1998), is named as a defendant herein because it has, or may claim to have, an interest in, claim, or lien against the premises.

15. Defendant Pietrzak & Pfau Engineering & Surveying, PLLC, 262 Greenwich Avenue, Goshen, New York 10924, is named as a defendant herein because it has, or may claim to have, an interest in, claim, or lien against the premises.

16. John Does Nos. 1-10 and Jane Does Nos. 1-10 may be persons or parties in possession of, having or claiming an interest in or lien on the premises.

<u>COUNT I - FORECLOSURE OF REAL ESTATE MORTGAGES</u>

17. On or about May 8, 1997, Nichris Corporation obtained two loans from the Government in the amounts of $160,340.00 and $82,830.00, respectively. These loans are evidenced by two promissory notes of even date and amount, to be repaid according to the terms set forth therein. Both promissory notes were signed by Thomas P. Sobiech, both in his individual capacity and on behalf of Nichris Corporation. Copies of these promissory notes are attached hereto, marked as Exhibits 1 and 2, and incorporated herein.

18.  To secure repayment of the indebtedness set forth in paragraph 17, Thomas P. Sobiech, Robin Sobiech, and Thomas P. Sobiech d/b/a Nichris Corporation executed, acknowledged, and delivered to the Government a real estate mortgage dated May 8, 1997, covering the premises more particularly described therein, which was recorded in the Orange County Clerk's Office on May 8, 1997, in Liber 6150 of Mortgages at Page 306.  A copy of this mortgage is attached hereto, marked as Exhibit 3, and incorporated herein.

19. On or about May 7, 1999, the loans set forth in paragraph 18 were reamortized.  The reamortizations are evidenced by two promissory notes dated May 7, 1999, in the amounts of $174,359.65, and $87,007.74, respectively.  These notes represent a modification, but not a replacement or payment of the prior notes.  Copies of these notes are attached hereto, marked as Exhibits 4 and 5, and incorporated herein.

20.  On or about May 7, 1999, Nichris Corporation and Thomas P. Sobiech obtained a loan from the Government in the amount of $150,000.00.  This loan is evidenced by a promissory note of even date and amount, to be repaid according to the terms set forth therein.  A copy of the promissory note is attached hereto, marked as Exhibit 6, and incorporated herein.

21.  To secure the repayment of the indebtedness set forth in paragraphs 19 and 20, Thomas P. Sobiech and Robin

Sobiech executed, acknowledged, and delivered to the Government a real estate mortgage dated May 7, 1999, covering the premises more particularly described therein, which was recorded in the Orange County Clerk's Office on May 27, 1999, in Liber 7234 of Mortgages at Page 322.  A copy of this mortgage is attached hereto, marked as Exhibit 7, and incorporated herein.

22.  On or about September 18, 2000, Nichris Corporation obtained a loan from the Government in the amount of $75,000.00.  This loan is evidenced by a promissory note of even date and amount, to be repaid according to the terms set forth therein.  This promissory note was signed by Thomas P. Sobiech, both in his individual capacity and on behalf of Nichris Corporation.  A copy of the promissory note is attached hereto, marked as Exhibit 8, and incorporated herein.

23.  To secure the repayment of this indebtedness set forth in paragraph 22, Thomas P. Sobiech f/k/a Thomas Sobiech and Robin Sobiech; Thomas P. Sobiech d/b/a Nichris Corporation executed, acknowledged, and delivered to the Government a real estate mortgage dated September 19, 2000, covering the premises more particularly described therein, which was recorded in the Orange County Clerk's Office on September 27, 2000, in Liber 7993 of Mortgages at Page 291.  A copy of this mortgage is attached hereto, marked as Exhibit 9, and incorporated herein.

24.   The promissory notes, set forth in paragraphs 17, 19, 20 and 22, (collectively, the "Promissory Notes"), provide, *inter alia*, that default under the Promissory Notes shall constitute default under any other instrument evidencing a debt of Thomas P. Sobiech, Robin Sobiech and Nichris Corporation (collectively, the "Borrowers") owing to or insured by the Government, or any instrument securing or otherwise relating to such a debt, and that a default under any other such instrument shall constitute a default under said Promissory Notes.

25.   The mortgages set forth in paragraphs 18, 21 and 23, (collectively, the "Mortgages") required the Borrowers to pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property described in the Mortgages, and to keep the property insured.  The Mortgages further provided that in the event of a default in making such payments, the Government was authorized to make such payments as advances for the account.  Pursuant to the terms of the Mortgages, such advances together with the interest thereon are immediately due and payable by the Borrowers to the Government, without demand, and are secured by the Mortgages.

26.   Defendants Thomas P. Sobiech and Nichris Corporation failed to comply with the provisions and conditions of the Promissory Notes and Mortgages by failing to make payment of principal and interest when due.  As a result, the Government

accelerated the aforementioned loans on March 23, 2005.  Copies of letters informing Thomas P. Sobiech and Nichris Corporation that the Government accelerated these loans are attached hereto, marked as Exhibit 10, and incorporated herein.

27.  By letters dated July 25, 2006, and forwarded by certified mail, return receipt requested, and by first class mail, the United States again informed defendants Thomas P. Sobiech, Robin Sobiech and Nichris Corporation that they were in default on the Mortgages.  This letter advised these defendants that the Mortgages would be foreclosed if satisfactory payment was not received by August 24, 2006.  Copies of the July 25, 2006 letters are attached hereto, marked as Exhibit 11, and incorporated herein.

28.  Because of the breach of the provisions of the Promissory Notes and Mortgages, the Government hereby declares the entire amount of the indebtedness evidenced by the Promissory Notes and Mortgages to be immediately due and payable.

29.  The Government is the present owner and holder of the Promissory Notes and Mortgages.

30.  No other action has been brought to enforce the provisions of the aforesaid Promissory Notes and Mortgages, and all conditions precedent to the bringing of the action have been performed or have occurred.

31.   There is now justly due the Government on the Promissory Notes and Real Estate Mortgages the following sums:

| | |
|---|---|
| Principal and Advances | $ 469,575.49 |
| Interest through June 19, 2007 | $  83,471.80 |
| TOTAL | $ 553,047.29 |

together with interest at the rate specified on the Promissory Notes on principal and all advances from June 19, 2007, at the daily rate of $54.1536 from that date.

32.   The Government may be compelled to make advances for payment of taxes, hazard insurance, water and sewer charges, or other municipal assessments and maintenance, in order that it my protect and preserve its security, but the nature and amount thereof is unknown to the Government at this time.  Nevertheless, the Government seeks recovery thereof and therefor, together with interest.

33.   Defendants Pine Island Group, Inc., Gotham Renovation Group, Inc., Orange County Trust Company, Joseph Wu, Sharyland L.P. d/b/a Plantation Produce Company, M&M Packaging, Inc., Mellon Bank, United Penn Bank and Pietrzak & Pfau Engineering & Surveying, PLLC have been joined herein because they may have or claim to have some interest in or lien upon the mortgaged premises or some part thereof, which interest or lien, if any, is subsequent or subordinate to lien of the Government's Mortgages which are the subject of this action.

9

<u>COUNT II - FORECLOSURE OF SECURITY AGREEMENTS</u>

34.   The Government incorporates by reference each and every allegation set forth in the preceding paragraphs of this complaint.

35.   To secure payment of the indebtedness set forth in paragraphs 17 and 22, and other purposes, Nichris Corporation executed and delivered to the Government two security agreements dated May 8, 1997 and September 18, 2000 (collectively, the "Security Agreements"), whereby Nicrhis Corporation granted to the Government a security interest in all of its farm and other equipment, and crops then owned and thereafter acquired among other things.   The Security Agreements were signed by Thomas Sobiech, both in his individually capacity, and on behalf of Nichris Corporation.   Copies of the Security Agreements are attached hereto as Exhibits 12 and 13, and incorporated herein.

36.   The Government perfected and maintained its security interest in the pledged property by filing Financing Statement Number 01771 on April 29, 1997, in the Orange County Clerk's Office.   This financing statement was continued via a financing statement "in lieu of filing" with the New York Secretary of State on March 11, 2002.   A copy of this financing statement and the continuation statement are attached hereto, marked as Exhibit 14, and incorporated herein.

10

37.   The Government further perfected and maintained its security interest in the pledged property by filing Financing Statement Number 090838 on May 5, 1997, with the New York Secretary of State.  A continuation statement was filed on April 4, 2002, as file number 078017.  A copy of this financing statement and the continuation statement are attached hereto, marked as Exhibit 15, and incorporated herein.

38.   The Government is now the owner and holder of the Promissory Notes and Security Agreements.

39.   Defendants Nichris Corporation and Thomas P. Sobiech failed to comply with the provisions and conditions of the Promissory Notes and Security Agreements by failing to make payment of principal and interest when due, thus making it necessary for the Government to pay the same in order to protect its interest.  As a result, the Government accelerated he aforementioned loans on March 23, 2005.  See Paragraph 26 above.

40.   Because of the breach of the provisions of the Promissory Notes and Security Agreements, the Government hereby declares the entire amount of the indebtedness evidenced by the Promissory Notes and Security Agreements to be immediately due and payable.

41.   No other action has been brought to enforce the provisions of the aforesaid Promissory Notes and Security

11

Agreements, and all conditions precedent to the bringing of the action have been performed or have occurred.

42.    There is now justly due the Government on the Promissory Notes and Security Agreements the following sums:

|                          |            |
|--------------------------|------------|
| Principal and Advances   | $ 469,575.49 |
| Interest through June 19, 2007 | $  83,471.80 |
| TOTAL                    | $ 553,047.29 |

together with interest at the rate specified on the Promissory Notes on principal and all advances from June 19, 2007, at the daily rate of $54.1536 from that date.

43.    In order to protect its security interest, the United States may be compelled, during the pendency of this action, to pay taxes, assessments, water or sewer rates, water charges, insurance premiums and any other charges affecting the premises and plaintiff requests that any sum so paid shall be added to the sum otherwise due and be deemed secured by the Mortgages and adjudged a valid lien on the premises herein described.

WHEREFORE, plaintiff, United States of America, demands:

(a)    judgment holding Thomas P. Sobiech and Nichris Corporation in default on the Promissory Notes and Thomas P. Sobiech, Nichris Corporation and Robin Sobiech in default on the Mortgages;

(b)  an adjudication of the amount due plaintiff on the Promissory Notes and Mortgages;

(c)  judgment holding that the named defendants and all other persons whose claim is subsequent to or recorded after the filing of notice of pendency of this action in the Orange County Clerk's Office in the State of New York be forever barred and foreclosed from all right, title, claim, lien or other interest in the mortgaged property;

(d)  an order directing the foreclosure and sale of the mortgaged property with the proceeds to be first applied to pay the liens of taxing authorities entitled to priority, if any, and thereafter to amounts due plaintiff under the Note and Mortgage, with interest to the date of payment, plus costs and disbursements of this action; and

(e)  such further relief as the Court may deem just.

Dated:    New York, New York
          July 10, 2007

                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York
                         Attorney for the United States
                              of America

                    By:___/s/ Kristin L. Vassallo_____
                         KRISTIN L. VASSALLO
                         Assistant United States Attorney
                         86 Chambers Street
                         New York, New York  10007
                         Telephone: (212) 637-2822
                         Facsimile: (212) 637-2730