Exhibit 9

## ORANGE COUNTY CLERK'S OFFICE RECORDING PAGE
### THIS PAGE IS PART OF THE INSTRUMENT – DO NOT REMOVE

TYPE IN BLACK INK:
NAME(S) OF PARTY(S) TO DOCUMENT

GAC3827 VARIOUS
SECTION_____ BLOCK_____ LOT_____

Thomas P. Sobiech f/k/a Thomas Sobiech & and Robin Sobiech; Thomas P. Sobiech D/B/A/ Nichris Corp.

TO

USDA, Farm Service Agency

RECORD AND RETURN TO:
(name and address)

Farm Service Agency, USDA
225 Dolson Avenue, Room 101
Middletown, NY 10940

THIS IS PAGE ONE OF THE RECORDING

ATTACH THIS SHEET TO THE FIRST PAGE OF EACH RECORDED INSTRUMENT ONLY

DO NOT WRITE BELOW THIS LINE

INSTRUMENT TYPE: DEED____ MORTGAGE ✓ SATISFACTION____ ASSIGNMENT____ OTHER____

### PROPERTY LOCATION

| | | | |
|---|---|---|---|
| 2089 BLOOMING GROVE (TN) | 4289 MONTGOMERY (TN) | NO. PAGES 17 | CROSS REF. ____ |
| 2001 WASHINGTONVILLE (VLG) | 4201 MAYBROOK (VLG) | CERT. COPY ____ | ADD'L X-REF. ____ |
| 2289 CHESTER (TN) | 4203 MONTGOMERY (VLG) | MAP# ____ | PGS. ____ |
| 2201 CHESTER (VLG) | 4205 WALDEN (VLG) | | |
| 2489 CORNWALL (TN) | 4489 MOUNT HOPE (TN) | PAYMENT TYPE: | CHECK ✓ |
| 2401 CORNWALL (VLG) | 4401 OTISVILLE (VLG) | | CASH ____ |
| 2600 CRAWFORD (TN) | 4600 NEWBURGH (TN) | | CHARGE ____ |
| 2800 DEERPARK (TN) | 4800 NEW WINDSOR (TN) | | NO FEE ____ |
| 3089 GOSHEN (TN) | 5089 TUXEDO (TN) | | |
| 3001 GOSHEN (VLG) | 5001 TUXEDO PARK (VLG) | CONSIDERATION $ ____ | |
| 3003 FLORIDA (VLG) | ✓ 5200 WALLKILL (TN) | TAX EXEMPT ____ | |
| 3005 CHESTER (VLG) | ✓ 5489 WARWICK (TN) | | |
| 3200 GREENVILLE (TN) | 5401 FLORIDA (VLG) | MORTGAGE AMT. $ 75,000— | |
| 3489 HAMPTONBURGH (TN) | 5403 GREENWOOD LAKE (VLG) | DATE 9-19-○○ | |
| 3401 MAYBROOK (VLG) | 5405 WARWICK (VLG) | | |
| 3689 HIGHLANDS (TN) | 5600 WAWAYANDA (TN) | **MORTGAGE TAX TYPE:** | |
| 3601 HIGHLAND FALLS (VLG) | 5889 WOODBURY (TN) | ___ (A) COMMERCIAL/FULL 1% | |
| 3889 MINISINK (TN) | 5801 HARRIMAN (VLG) | ___ (B) 1 OR 2 FAMILY | |
| 3801 UNIONVILLE (VLG) | | ✓ (C) UNDER $10,000 | |
| 4089 MONROE (TN) | **CITIES** | ✓ (E) EXEMPT | |
| 4001 MONROE (VLG) | 0900 MIDDLETOWN | ___ (F) 3 TO 6 UNITS | |
| 4003 HARRIMAN (VLG) | 1100 NEWBURGH | ___ (I) NAT.PERSON/CR. UNION | |
| 4005 KIRYAS JOEL (VLG) | 1300 PORT JERVIS | ___ (J) NAT.PER-CR.UN/1 OR 2 | |
| | 9999 HOLD | ___ (K) CONDO | |

*Donna L. Benson* (signature)
**DONNA L. BENSON**
ORANGE COUNTY CLERK

RECEIVED FROM: _Bill_

LIBER 7993   PAGE ___
ORANGE COUNTY CLERKS OFFICE
RECORDED/FILED 09/27/2000 03:___
FEES   56.00   EDUCATION FUND ___ 5
SERIAL NUMBER: CR007365
MTG CNTL NO   21893   MTAX

SDA
Form RD 1927-1NY
(Rev. 7-97)

Position 5    ORANGE
3  1-15, 43, 44, 35-1, 35-2, 35-3-3
3 -2- 39

# REAL ESTATE MORTGAGE FOR NEW YORK

THIS MORTGAGE is made and entered into by **Thomas P. Sobiech and Robin Sobiech; Thomas P. Sobiech D/B/A Nichris Corp.** f/k/a Thomas Sobiech residing in **ORANGE** County, whose post office address is **PO Box 221 Pine Island, NY 10969** herein called "Borrower," and the United States of America, acting through the United States Department of Agriculture, herein called the "Government, USDA, Farm Service Agency, 11 S. Salina Street, Suite 356, Rm. 536, Syracuse NY 13202," and:

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory notes or assumption agreements or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorized acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount Plus Non-Capitalized Interest | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| May 7, 1999 | $150,000.00 | 3.75% | May 7, 2006 |
| May 7, 1999 | $174,359.65 | 5.00% | May 7, 2014 |
| May 7, 1999 | $87,007.74 | 3.75% | May 7, 2014 |
| September 19, 2000 | $75,000.00 | 3.75% | September 19, 2020 |

(Non-capitalized interest only applies in the case of farm loans being serviced in accordance with 7 C.F.R. part 1951, subpart S.)
(The interest rate for limited resource farm ownership or limited resource pertaining loan(s) secured by its instrument may be increased as provided in the Government regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or title V of the Housing Act of 1949 as amended, or any other statues administered by the Government.

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument, this instrument shall secure payment of the note;

And this instrument also secures the recapture of any deferred principal and interest or of any interest credit and subsidy which may be granted to the Borrower by the government pursuant to 42 U.S.C. §§ 1472(g) or 1490a, respectively, or any amount due under any Shared Appreciation/Recapture Agreement entered into pursuant to 7 U.S.C. § 2001.

And the debt instruments executed at the time of loan closing constitutes an obligation on the part of the Government to disburse all funds at one time or in multiple advances, provided the funds are for purposes authorized by the Government at the time of loan closing. This obligatory commitment takes priority over any intervening liens or advances by other creditors regardless of the provisions of the State laws involved:

NOW THEREFORE, (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument, secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, and (b) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower hereby grant, bargains, sells, conveys, assigns, mortgages and forever warrants unto the Government the following property, herein called "the property" situated in the County of **ORANGE**, State of New York

RD 1927-1 NY (Rev. 7-97)

Return to:  FARM SERVICE AGENCY, USDA
225 Dolson Avenue, Rm 101
Middletown, NY 10940

LIBER 7993 PAGE 292

SEE SCHEDULE A

)gether with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditament and ipurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements, all water, water ;hts, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or indemnation of any part thereof or interest therein-all of which are herein called "the property",

BORROWER for the Borrower's self, Borrower's heirs, executors, administrators, successors and assigns COVENANTS AND AGREES follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured.
(2)   To pay to the Government such fees and other charges as may now or hereafter be required by the Government regulations.
(3)   If required by the government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, Insurance premiums and other charges upon the mortgaged premises.
(4)   The Government may at any time pay any other amounts including advances for payment of prior or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, Protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government, including advances for payment of prior or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

LIBER 7993 PAGE 307

PARCEL I :    (1) ALL THAT TRACT, PIECE OR PARCEL OF LAND, situate, lying and being in the Town of Warwick, County of Orange, State of New York, being a part of Lot "A" on a Map of Mission Lands made by V.K. Mills, dated October 17, 1905 on file in Orange County Clerk's Office, bounded and described as follows, viz:

BEGINNING at a point in the middle of the public highway leading from Pine Island to Westtown, the said point of beginning is South 22° 30' East 2110.7 feet from the northeast corner of the said Lot "A" of the Mission Lands; running thence from the said point of beginning, (1) South 22° 30' East 328.9 feet along the middle of the said public highway to a point; thence (2) South 68° 10' West 799.2 feet along the middle of a highway which crosses the said Lot "A" and which is north of the Lehigh and New England Railroad, to a point; thence (3) North 22° 30' West 326.2 feet along land of Brozdowski to a point; thence (4) North 68° 03' East 798.8 feet across Lot "A" to a point of beginning. CONTAINING 6 Acres, more or less.

(2) ALSO ALL THAT TRACT, PIECE OR PARCEL OF LAND, situated, lying and being in the Town of Warwick, County of Orange, State of New York, being a part of Lot "A" on a Map of Mission Lands made by V.K. Mills, dated October 17, 1905 on file in Orange County Clerk's Office, bounded and described as follows, viz:

BEGINNING at a point in the middle of the public highway leading from Pine Island to Westtown; the said point of beginning is South 22° 30' East 2439.6 feet from the northeast corner of the said Lot "A" of the Mission Lands and is also on range with the middle of a public road which crosses the said Lot "A" north of the Lehigh and New England Railroad; running thence from the point of beginning (1) South 22° 30' East 335.1 feet along the middle of the Pine Island-Westtown Road; previously mentioned, to the north line of the said Lehigh and New England Railroad right of way; thence (2) along the said north line of the Railroad on a curved course the direction of which is northwesterly and westerly a distance of 865.2 feet to a point; thence (3) North 22° 30' West 31.6 feet along land of Brozdowski to a point in the middle of the said public road which crosses the said Lot "A", thence (4) North 68° 10' East 799.2 feet along the middle of the said road to the point of beginning. CONTAINING 2.653 Acres more or less.

TOGETHER with a right of way over the right of way running from the Pine Island-Westtown Highway to and through said lands and through other lands of first party, as now laid out and used and subject to the rights of such other persons as may be entitled to use the same.

SUBJECT to the rights of the public in highways hereinabove mentioned.

BEING a portion of the premises described in a deed dated July 8, 1927 from Lewis J. Stage, Referee, to Lewis Gardella and recorded in the Orange County Clerk's Office on July 19, 1927 in Liber 677 of Deeds at Page 289.

SUBJECT to rights, if any, in grant dated January 14, 1932 from Lewis Gardella to Orange and Rockland Electric Co. and recorded in the Orange County Clerk's Office on March 8, 1932 in Liber 727 of Deeds at Page 249.

SUBJECT to rights, if any, in grant dated March 15, 1936 from Lewis Gardella to Orange and Rockland Electric Co. and recorded in the Orange County Clerk's Office on May 20, 1936 in Liber 770 of Deeds at Page 371.

LIBER 7993 PAGE 293
294

BEING a p\_\_\_\_on of the premises described in \_\_\_\_d dated March 26, 1940 from \_anny Wieman to Vincent A. Krasn\_\_icz and Kazmiera C. Krasniewicz, his wife, and recorded in the Orange County Clerk's Office on March 27, 1940 in Liber 034 of Deeds at Page 175.

SUBJECT to rights, if any, in grant dated April 26, 1949 from Vincent A. Krasniewicz and Catherine Krasniewicz, his wife, to Home Gas Co. and recorded in the Orange County Clerk's Office on May 24, 1949 in Liber 1123 of Deeds at Page 27.

BEING the same premises described in a deed dated October 22, 1956 from Vincent A. Krasniewicz and Kazmiera C. Krasniewicz, his wife, to Thaddeus Sobiech and Theresa M. Sobiech, his wife, and recorded in the Orange County Clerk's Office on October 24, 1956 in Liber 1405 of Deeds at Page 336.

*[handwritten margin note: Right of way prior]*

PARCEL II: ALL THAT TRACT, PIECE OR PARCEL OF LAND, situate, lying and being in the Town of Warwick, County of Orange, State of New York, said premises being described in accordance with a survey made by A.V.D. Wallace, Jr., dated May 29, 1966, revised August 23, 1966, said premises being more particularly bounded and described as follows:

BEGINNING at a point on the assumed northeast line of Pine Island-Westtown Highway, the said point of beginning is in the middle of a ditch on the boundary line between land of John J. Brozdowski, Jr. and land formerly of Smith Wilcox, now land of Ralph and Anna Sadowski, the said point of beginning is 26 feet northeast from a point on the highway bridge at the intersection of the center line of the highway and the center line of the ditch; running thence (1) North 71° 04-1/2' East 2536.09 feet along the middle of the said ditch and along land of Ralph and Anna Sadowski, and along land of John J. Brozdowski and John J. Brozdowski, Jr., to an iron pipe driven into the ground; thence (2) South 54° 07' East 122.00 feet along the middle of the ditch and along the said Brozdowski land to a point on the west bank of Pochuck Creek; thence along the bank of the Creek, the following nine courses, namely: (3) South 34° 26' West 86.05 feet; (4) South 56° 03' West 200.00 feet to an iron pipe driven into the ground; (5) South 10° 17' East 319.00 feet to an iron pipe driven into the ground; (6) North 72° 40' East 161.00 feet to an iron pipe driven into the ground; (7) South 8° 42' East 275.00 feet crossing the new cut-off channel; (8) South 47° 27' East 249.00 feet to an iron pipe driven into the ground; (9) South 27° 23' West 156.00 feet to an iron pipe driven into the ground; (10) South 03° 03' West 60.00 feet to an iron pipe driven into the ground; and (11) North 39° 32' West 229.00 feet crossing the new cut-off channel to an iron pipe driven into the ground; thence along the north and west bank of the Creek on an assumed former course, the following three courses, namely: (12) South 83° 53' West 100.00 feet to an iron pipe driven into the ground; (13) South 39° 33' West 100.00 feet; and (14) South 19° 33' West 110.45 feet to an iron pipe driven into the ground; thence along the southeast line of a right of way 12 feet wide, and along land which was conveyed by John J. Brozdowski to Edward and Rose Gerczak by deeds recorded in the Orange County Clerk's Office in Book 1175 at Page 274, and in Book 917 at Page 404, the following two courses, namely: (15) South 71° 05' West 871.00 feet; and (16) South 71° 05' West 440.00 feet to a point; thence along land which was conveyed by John J. Brozdowski to Joseph Purta by deeds recorded in Book 917 at Page 401, and in Book 1043 at Page 632, and along the southeast line of the said right of way, the following two courses, namely: (17) South 71° 05' West 528.00 feet; and (18) South 71° 05' West 106.00 feet to a point; thence (19) North 18° 24' West 12.00 feet along the assumed northeast line of Pine Island-Westtown Highway to a point at the south corner of land which was conveyed by John J. Brozdowski to Joseph Brozdowski by deed recorded in Book 917 at Page 407; thence along the northwest line of the said right of way the following two courses, namely: (20) North 71° 05' East 714.00 feet along land of Joseph Brozdowski to a point, and (21) North 71° 05' East 178.93 feet along land conveyed by John J. Brozdowski to Frank J. Brozdowski by deed recorded in Book 1140 at Page 532 to a ditch corner; thence (22) North 18° 20' West 487.99 feet along the middle of the ditch and along land of Frank J. Brozdowski to an iron pipe driven into the ground; thence (23) South 71° 05' West

*[handwritten margin notes: matches Reference Deed 9/2/94]*

...... .... ... , ... southeast line of a right of way 12 feet in width, and alc ) land of Frank J. Brozdowski an.. land of Joseph Brozdowski to an iron pipe driven in to the ground; thence (24) North 10° 24' West 500.00 feet along the assumed northeast line of Pine Island-Westtown Highway to the point of beginning, CONTAINING 45.967 acres of land more or less.

BEING a portion of the same premises conveyed by John J. Brozdowski to John J. Brozdowski, Jr. and Anne M. Brozdowski, his wife, by deed dated January 18, 1958, recorded February 3, 1958 in Liber 1453 of Deeds, Page 97; and by Frank J. Brozdowski to John J. Brozdowski, Jr. by deed dated December 6, 1961, recorded December 13, 1961 in Liber 1607 of Deeds, Page 455, Orange County Clerk's Office.

*Matches Referen- Deed 9/2/97*

TOGETHER with all the right, title and interest, if any, of the parties of the first part to all that plot, piece or parcel of land lying and being between the above described premises and the middle of Pochuk Creek, being the westerly boundary line of Vincent and Pauline Kosuga as conveyed by deed dated October 20, 1950, recorded January 13, 1951 in Liber 1185 of Deeds, Page 200, and BEING the same premises conveyed by the Estate of Ambrose Spencer Murray to the parties of the first part by deed dated June 27, 1966, to be recorded simultaneously herewith.

*[handwritten margin note]*

The parties of the first part reserve for themselves, their distributees and lessees, and for John J. Brozdowski, his distributees and lessees, for so long as they or their distributees own the lands or premises known as the "Wilcox Farm or Tract," at Pine Island, New York, a twelve (12) foot wide right of way in common with the parties of the second part, their distributees and assigns, over the existing roadway running from Pine Island Turnpike and along courses (15), (16), (17) and (18) of the above described lands and thence in a generally northerly direction to the bridge over the drainage ditch to the said Wilcox Farm or Tract for the purpose of ingress and egress to the lands of the parties of the first part and John J. Brozdowski, known as aforesaid, as the "Wilcox Farm or Tract", together with the right to maintain said bridge over the drainage ditch, the same being located at the northwesterly corner of the above described premises at course (2).

The parties of the first part reserve to themselves and their distributees or lessees for so long as they or their distributees own the farmlands, themselves, or in a corporate capacity, at Pine Island, New York, and to John J. Brozdowski, his distributees and assigns or lessees, a right of way to lay and maintain a temporary or removable pipeline on the lands herein conveyed along the northwesterly edge of the premises herein conveyed, which said right of way shall run along the first course of said premises as above described and herein conveyed approximately 900 feet adjacent to the lands now or formerly of Sadowski, and shall run the length of the present property now or formerly of Sadowski, for the purpose of drawing water from Pochuck Creek for irrigation and other related farming purposes, and shall include the right to cross the drainage ditch between the premises herein conveyed and the "Wilcox Farm or Tract" with said pipeline; said pipeline shall be laid at the bottom of the drainage ditch, the use of said right of way shall be limited to the right to lay and maintain said pipeline, but not for the moving of any other equipment on the fields of the grantees.

SUBJECT to a grant from John J. Brozdowski to Orange and Rockland Electric Company dated February 11, 1941 and recorded in the Orange County Clerk's Office February 15, 1941 in Liber 855 at Page 194.

SUBJECT to a grant from John J. Brozdowski to Home Gas Company dated March 26, 1949 and recorded in the Orange County Clerk's Office May 24, 1949 in Liber 1123 at Page 17.

BEING the same premises conveyed by John J. Brozdowski, Jr. and Anne M. Brozdowski, his wife, to Thaddeus J. Sobiech and Theresa M. Sobiech, by deed dated September 6, 1966 and recorded September 12, 1966 in Liber 1753 of Deeds at Page 42.

PARCEL III:    (1) ALL THAT CERTAIN PLOT, PI. OR PARCEL OF LAND, with the buildings and improvements thereon erected, situate, lying and being in the Town of Warwick, Orange County, New York, and being more particularly described as follows: BEING the southerly one-half of the lands formerly used as a right of way for the Lehigh and New England Railroad Company extending from the center line of County Highway No. 1, westerly across Lot "a" as shown on a map of the Mission Lands made by V.K. Mills, Civil Engineer and on file in the Orange County Clerk's Office, to the easterly line of Lot "B" of said map, 33 feet in width, bounded and described as follows:

BEGINNING at a point of intersection of the center line of the said right of way with center line of said highway, said point being S 22° 32' E 375.5 feet from the intersection of the center line of the said highway with the center line of the Mission Land Road and runs thence on a curve to the left with a radius of 1910 feet for 866.4 feet to a point in the easterly line of the aforesaid Lot "B", S 22° 32' E 33.41 feet to a point in the southerly line of the said right of way; thence along the southerly line of the said right of way on a curve to the right with a radius of 1877 feet for 867.6 feet to the center line of aforesaid highway; thence along the center line of the said highway N 22° 32' W 40.25 feet to the place of beginning, CONTAINING 0.66 acres of land more or less.

SUBJECT to any easements visible or of record.

BEING Parcel II of the same premises described in a deed dated February 15, 1963 from R.E.F. Gurda, Inc. to John J. Brozdowski, Sr. and recorded in the Orange County Clerk's Office on March 13, 1963 in Liber 1635 of Deeds at Page 31.

(2) ALSO ALL THAT TRACT, PIECE OR PARCEL OF LAND situate, lying and being in the Town of Warwick, County of Orange, State of New York, bounded and described as follows:

BEGINNING at a point in the south line of the Lehigh & New England Railroad right of way, the said point of beginning is also at a corner of land of Brozdowski; running thence (1) South 22° 30' East 291.0 feet to a point; thence (2) North 70° 00' East 122.0 feet along lands of Conklin to a point; thence (3) East 37.3 feet along the same to a point; thence (4) along lands of Lewis Gardella a distance of 275.5 feet to a point in the south line of the said railroad; thence (5) along the south line of the said railroad on a curved course in a westerly direction a distance of 168.6 feet to the point of beginning. CONTAINING 1.02 acres more or less.

TOGETHER with a 20+' right of way over the right of way running from the Pine Island-Westtown Highway to and through said lands and through other lands of first parties as now laid out and used, and subject to the rights of such other persons as may be entitled to use the same.

SUBJECT to a grant from Lewis Gardella to Orange and Rockland Electric Co. dated January 14, 1932 and recorded March 8, 1932 in Book 727 at Page 249.

SUBJECT to a grant from Lewis Gardella to Orange and Rockland Electric Co. dated March 15, 1936 and recorded May 20, 1936 in Book 770 at Page 371.

SUBJECT to a grant from Vincent A. Krasniewicz and Catherine Krasniewicz, his wife, to Home Gas Company dated April 26, 1949 and recorded May 24, 1949 in Book 1123 at Page 27.

BEING the same premises described in a deed dated December 15, 1950 from Vincent A. Krasniewicz and Kazmiera C. Krasniewicz, his wife, to John J. Brozdowski and recorded in the Orange County Clerk's Office on December 16, 1950 in Liber 1182 of Deeds at Page 401.

4

(3) ALSO ALL THOSE TWO CERTAIN TRACTS OR PARCELS OF LAND, situate in the Town of Warwick, County of Orange, State of New York, being portions of the property conveyed to John Brozdowski as recorded in Liber 851 at Page 519 and being more fully bounded and described as follows:

Parcel #1 BEGINNING at a point in the southerly line of the lands formerly of Lehigh and New England Railroad Company where the same is intersected by the northerly line of a 20 foot wide right of way which runs through the lands of the aforesaid Brozdowski in a westerly direction from the Pine Island Turnpike and runs from said point along the northerly line of the said right of way on the three following courses and distances: (1) S 73° 37' 54" W for a distance of 463.66 feet; (2) S 83° 52' 52" W for a distance of 140.07 feet; (3) S 75° 25' 01" W for a distance of 9.66 feet; running thence still over and through the lands of Brozdowski on the two following courses and distances: (4) N 15° 02' 13" W for a distance of 242.06 feet to the southerly line of the aforesaid railroad; running thence along the same (5) along a curve to the right having a radius of 1877.00 feet for a distance of 670.17 feet to the point or place of beginning. CONTAINING 2.169 acres of land.

(4) BEGINNING at a point in the southerly line of the above mentioned right of way distant 20.00 feet on a course of S 15° 02' 13" E from the westerly end of the course recited as (3) in Parcel #1 above and runs from said point along the southerly line of the said right of way on the two following courses and distances: (1) N 75° 25' 01" E for a distance of 8.03 feet; (2) N 83° 52' 52" E for a distance of 101.71 feet running thence still over and through the lands of the said Brozdowski (3) S 17° 04' 59" E for a distance of 37.91 feet; running thence along the lands now or formerly of Kosuga (4) N 84° 34' 59" W for a distance of 117.26 feet; running thence along the lands now or formerly of Sobiech (5) N 15° 02' 13" W for a distance of 12.75 feet to the point or place of beginning. CONTAINING 2005 square feet of land.

SUBJECT to a grant from Lewis Gardella to Orange and Rockland Electric Co. dated January 14, 1932 and recorded March 8, 1932 in Book 727 at Page 249.

SUBJECT to a grant from Lewis Gardella to Orange and Rockland Electric Co. dated March 15, 1936 and recorded May 28, 1936 in Book 770 at Page 371.

SUBJECT to a grant from John J. Brozdowski to Home Gas Company dated March 26, 1949 and recorded May 24, 1949 in Book 1123 at Page 19.

SUBJECT to a grant from Vincent A. Krasniewicz and Catherine Krasniewicz, his wife, to Home Gas Company dated April 26, 1949 and recorded May 24, 1949 in Book 1123 at Page 27.

BEING the same premises conveyed by John J. Brozdowski to Thaddeus J. Sobiech and Theresa M. Sobiech, his wife, by deed dated November 4, 1969 and recorded in the Orange County Clerk's Office on November 6, 1969 in Liber 1834 at Page 29.

PARCEL IV: ALL THAT TRACT OR PARCEL OF LAND situate in the Town of Warwick, County of Orange, State of New York, being the northerly one-half of the lands formerly used as a right of way for the Lehigh and New England Railroad Company extending from the center line of County Highway No. 1, westerly, across Lot "A", as shown on a map of the Mission Lands made by V.K. Mills, civil engineer and filed in the Orange County Clerk's Office, to the easterly line of Lot "B" of said map, 33 feet in width, bounded and described as follows:

LIBER 7993 PAGE 298

BEGINNING at a point in the center line of County Highway No. 1, said point being S 22° 32' E 335.1 feet from the intersection of the center line of said County Highway with the center line of the Mission Land Road and runs thence on a curve to the left with a radius of 1943 feet for 865.2 feet to a point in the easterly line of the aforesaid Lot "B", thence along the easterly line of Lot "B", S 22° 32' E 33.41 feet to a point in the center line of the right of way; thence along the center line of said right of way on a curve to the right with a radius of 1910 feet for 866.4 feet to a point in the center line of the aforesaid County Highway; thence along the center line of the said highway N 22° 32' W 40.25 feet to the place of beginning, CONTAINING 0.66 acres of land more or less.

*[handwritten left margin: Right of way prior line]*
*[handwritten right margin: matches Reference Deed 9/2/94]*

This conveyance includes all cinders and/or ashes except the party of the first part reserves the right and privilege to remove one half (1/2) of said cinders and/or ashes.

Said right and privilege shall expire on February 1, 1966.

BEING the same premises conveyed by R.E.F. Gurda, Inc. to Thaddeus Sobiech and Theresa Sobiech, his wife, by deed dated February 15, 1963 and recorded February 21, 1963 in Liber 1634 of Deeds at Page 352 in the Orange County Clerk's Office.

SUBJECT to grant from Ted Sobiech to Orange and Rockland Utilities, Inc. dated August 30, 1965 and recorded October 11, 1965 in the Orange County Clerk's Office in Liber 1726 of Deeds at Page 1076.

To have and to hold the premises herein granted unto the grantee, heirs, distributees, and assigns forever.

PARCEL VII: ALL that certain lot, piece or parcel of land, situate, lying and being in the Town of Minisink, County of Orange, State of New York, and being more accurately bounded and described as follows:

BEGINNING at a rebar set at the intersection of the southerly line of County Highway No. 1 with the Easterly line of Gross Road, thence from said point of beginning and along said southerly line of County Highway No. 1, South 37 degrees 01 minutes 32 seconds East 321.30 feet to a rebar set and South 51 degrees 16 minutes 48 seconds East 148.68 feet to a rebar set, thence South 17 degrees 14 minutes 12 seconds West 346.51 feet to a rebar set, thence along said lands of Sobiech North 64 degrees 41 minutes 39 seconds West 215.33 feet to a rebar set, thence along the easterly line of Gross Road, North 20 degrees 01 minutes 37 seconds East 115.91 feet to a rebar set and North 01 degrees 57 minutes 24 seconds East 132.13 feet to a rebar set and North 09 degrees 12 minutes 37 seconds West 352.00 feet to the point of beginning as surveyed by Garrison W. Scott on December 15, 1988 and containing 2.37 acres.

*[handwritten left margin: Right of way prior line]*

The above described Parcels I - VII also being part of the same premises described in a deed dated September 2, 1994 from Peter D. Barlet to Thomas P. Sobiech and all of the premises described in a deed dated October 11, 1994 from Profit Sharing Plan Trust for Employees of Judelson, Giordano & Siegel, C.P.A., P.C. Directed Investment Account F/B/O Frank P. Giordano, Jr. to Thomas P. Sobiech which deeds are being submitted to the Orange County Clerk's Office for recording simultaneously with this Note and Mortgage. THIS IS A FIRST PURCHASE MONEY NOTE AND MORTGAGE.

SCHEDULE A DESCRIPTION

GAC-03827                                                           Policy No.: 5412-1709953

(3-1-35.1, 35.2 & 35.3)

ALL that certain plot, piece or parcel of land with buildings and improvements thereon erected, situate, lying and being in the Town of Warwick, County of Orange and State of New York being known and designated as Lot Nos. One, Two and Three on a certain map entitled "Final Plat Three-lot Subdivision: Lands of Caroline Madura and Theresa Sobiech County Route 1 and Mission Land Road, Town of Warwick, Orange County, New York", said map being filed in the Office of the Clerk of the County of Orange on 6/4/92 as and by Map No. 120-92.

3-1-15

ALL that certain plot, piece or parcel of land with buildings and improvements thereon erected, situate, lying and being in the Town of Warwick, County of Orange and State of New York, being more particularly described as follows:
Beginning at a point in the centerline of the public road known as the Pine Island Turnpike (County Road #1) said point being North 18 degrees 55 minutes West 267.17 feet, as measured along the centerline of said road, from a point which marks the northerly most corner of lands of one Nowak (Liber 1292 p. 274) and the southeasterly most corner of lands of Merritt's Island Farms, Inc.; running thence along the lands of Merritt's Island Farms Inc., South 67 degrees 50 minutes West 562.14 feet to a point, thence still along the lands of Merritt's Island Farms Inc., North 19 degrees 13 minutes West 250.0 feet to a point; thence continuing along the lands of Merritt's Island Farms North 67 degrees 50 minutes East 562.92 feet to a point in the centerline of the Pine Island Turnpike; thence running along the same on the following two courses and distances; 1. South 19 degrees 22 minutes East 66.64 feet; 2. South 18 dgrees 55 minutes East 183.40 feet to the point and place of Beginning. Excepting and reserving for public use all that portion of the above described parcel which lies in the bounds of the Pine Island Turnpike and contains 0.21 acre more or less.

Parcel II 1. ALL that certain plot, piece or parcel of land with buildings and improvements thereon erected, situate, lying and being in the in the Town of Warwick, County of Orange, State of New York, being a part of Lot "A" on a Map of Mission Lands made by V.K. Mills, dated October 17, 1905 on file in the Orange County Clerk's Office, bounded and described as follows, viz:
Beginning at a point in the middle of the public highway leading from Pine Island to Westtown, the said point of beginning is South 22 degrees 30 minutes East 2110.7 feet from the northeast corner of the said Lot "A" of the Mission lands; running thence from the said point of beginning, 1. South 22 degrees 30 minutes East 328.9 feet along the middle of the said public highway to a point; thence 2. South 68 degrees 10 minutes West 799.2 feet along the middle to a highway which crosses the said Lot "A" and which is north of the Lehigh and New England Railroad to a point thence 3. north 22 degrees 30 minutes West 326.2 feet along land of Brozdowski to a point; thence 4. North 68 degrees 03 minutes East 798.8 feet across Lot "A" to a point of beginning.

3-2-39

Parcel IV
ALL that certain plot, piece or parcel of land with buildings and improvements thereon erected, situate, lying and being in the Town of Warwick, County of Orange, State of New York, Said premises being described in accordance with a survey made by A.V.D. Wallace, Jr., dated May 29, 1966, revised August 23, 1966, said premises being more particularly bounded and described as follows:
Beginning at a point on the assumed northeast line of Pine Island-Westtown Highway, the said point of beginning is in the middle of a ditch on the boundary line between land of John J. Brozdowski, Jr., and land formerly of Smith Wilcox, now land of Ralph and Anna Sadowski, the said point of beginning is 26 feet northeast from a point on the highway bridge at the intersection of the center line of the highway and the center line of the ditch; running thence 1. North 71 degrees 04-1/2 minutes East 2536.09 feet along the middle of the said ditch and along land of Ralph and Anna Sadowski, and along land of John J. Brozdowski and John J. Brozdowski, Jr., to an iron pipe driven into the ground; thence 2. South 54 degrees 07 minutes East 122.00 feet along the middle of the ditch and along the the said Brozdowski land to a point on the west bank of the Pochuck Cree; thence along the bank of the Creek, the following nine courses, namely; 3. South 34 degrees 26 minutes West 36.05 feet; 4. South 56 degrees 03 minutes West 200.00 feet to an iron pipe driven into the ground; 5. South 10 degrees 17

LIBER 7993 PAGE 299
300

SCHEDULE A DESCRIPTION

minutes East 319.00 feet to an iron pipe driven into the ground; 6. North 72 degrees 48 minutes East 161.00 feet to an iron pipe driven into the ground; 7. South 8 degrees 42 minutes East 275.00 feet crossing the new cut-off channel; 8. South 47 degrees 27 minutes East 249.00 feet to an iron pipe driven into the ground; 9. South 27 degrees 23 minutes West 156.00 feet to an iron pipe driven into the ground; 10. South 83 degrees 03 minutes West 68.00 feet to an iron pipe driven into the ground; and 11. North 39 degrees 32 minutes West 229.00 feet crossing the new cut-off channel to an iron pipe driven into the ground; thence along the north and west bank of the Creek on an assumed former course, the following three courses, namely; 12. South 83 degrees 53 minutes West 100.00 feet to an iron pipe driven into the ground; 13. South 39 degrees 33 minutes West 100.00 feet and 14. South 19 degrees 33 minutes West 110.45 feet to an iron pipe driven into the ground; thence along the southeast line of a right of way 12 feet wide, and along land which was conveyed by John J. Brozdowski to Edward and Rose Gerczak by deeds recorded in the Orange County Clerk's Office in Book 1175 at page 274, and in Book 917 at page 404, the following two courses, namely; 15. South 71 degrees 05 minutes West 871.00 feet; and 16. South 71 degrees 05 minutes West 440.00 feet to a point; thence along land which was conveyed by John J. Brozdowski to Joseph Purta by deeds recorded in Book 917 at page 401 and in Book 1043 at page 632, and along the southeast line of the said right of way, the following two courses namely; 17. South 71 degrees 05 minutes West 528.00 feet; and 18. South 71 degrees 05 minutes West 186.00 feet to a point; thence 19. North 18 degrees 24 minutes West 12.00 feet along the assumed northeast line of Pine Island-Westtown Highway to the point at the South corner of land which was conveyed by John J. Brozdowski to Joseph Brozdowski by deed recorded in Book 917 at page 407; thence along the northwest line of the said right of way the following two courses, namely; 20. North 71 degrees 05 minutes East 714.00 feet along land of Joseph Brozdowski to a point, and 21. North 71 degrees 05 minutes East 178.93 feet along land conveyed by John J. Brozdowski to Frank J. Brozdowski by deed recorded in Book 1140 at page 532 to a ditch corner; thence 22. North 18 degrees 28 minutes West 487.99 feet along the middle of the ditch and along land of Frank J. Brozdowski to an iron pipe driven into the ground; thence 23. South 71 degrees 05 minutes West 892.34 feet along the southeast line of a right of way 12 feet in width and along land of Frank J. Brozdowski and land of Joseph Broxdowski to an iron pipe driven into the ground; thence 24. North 18 degrees 24 minutes West 508.00 feet along the assumed northeast line of pine Island-Westtown Highway to the point of beginning. containing 45.967 acres of land more or less. Being a portion of the same premises conveyed by John J. Brozdowski to John J. Brozdowski Jr. and Anne M. Brozdowski, his wife, by deed dated January 18, 1958, recorded February 3, 1958 in Liber 1453 of deed page 97; and by Frank J. Brozdowski to John J. Brozdowski, Jr. by deed dated December 6, 1961 recorded December 12, 1961 in Liber 1607 of deeds, page 455, Orange County Clerk's Office.

Together with all the right, title and interest of the parties of the first part to all that plot, piece or parcel of land lying and being between the above described premises and the middle of the Pochuk Creek, being the westerly boundary line of Vincent and Pauline Kosuga as conveyed by deed dated October 20, 1950, recorded January 13, 1951 in Liber 1185 of deeds page 280 and being the same premises conveyed by the Estate of Ambrose Spence Murray by deed dated June 27, 1966.

Being the same premises conveyed by John J. Brozdowski, Jr. and Anne M. Brozdowski to Thaddeus J. Sobiech and Theresa M. Sociech, by deed dated September 6, 1966 and recorded September 12, 1966 in Liber 1753 of deeds at page 42.

(3-1-35.1,35.2 & 35.3)

ALL that certain plot, piece or parcel of land with buildings and improvements thereon erected, situate, lying and being in the Town of Warwick, County of Orange and State of New York being known and designated as Lot Nos. One, Two and Three on a certain map entitled "Final Plat Three-lot Subdivision: Lands of Caroline Madura and Theresa Sobiech County Route 1 and Mission Land Road, Town of Warwick, Orange County, New York", said map being filed in the Office of the Clerk of the County of Orange on 6/4/92 as and by Map No. 120-92.

Section 3, Block 1, Lot 44

ALL that tract or parcel of land situate in the Town of Warwick, County of Orange and State of New York, bounded and described as follows:

BEGINNING at a cross cut in a large rock on the westerly side of the Pine Island - Westtown County Road, said cross being over the center of a culvert under the County Road, and running thence along said County Road, North 25 degrees 52' 00" West 21.90 feet to a point; thence (2) S 60 degrees 48' 00" West 430.00 feet to a point in the line of lands now or formerly of Mrs. Paul Pristunoff; thence (3) S 33 degrees 08' 20" East 282.32 feet to a pipe in the line of lands now or formerly of George Gurda; thence along the line of lands of said Gurda the following two courses (4) N 57 degrees 34' 00" East 118.14 feet to an iron, thence (5) N 58 degrees 34' 30" East 153.94 feet to a pipe; thence (6) N 27 degrees 18' 30" West 148.00 feet to a bolt; thence (7) N 55 degrees 45' 00" East 128.00 feet to a bolt in the westerly bounds of the said County Road; thence along the westerly boundary of the said County Road; (8) N 25 degrees 52' 00" West 88.10 feet to the point or place of beginning.

Section 3, Block 1, Lot 43

ALL that tract or parcel of land situate in the Town of Warwick, County of Orange and State of New York, bounded and described as follows:

BEGINNING at a point on the Westerly side of the Pine Island - Westtown Road, said point being N 25 degrees 52' 00" W 21.00 feet from a cross cut in a large rock on the Westerly side of said County Road, said cross being over the center of a culvert under the said County Road, and

9    LIBER 7993 PAGE 302

## SCHEDULE "A" DESCRIPTION

running thence (1) along said County Road N 25 degrees 52' 00" W 64.07 feet to a point; thence (2) along the lands of Brozdowski S 65 degrees 24' 00" W 184.09 feet to a point; thence (3) still along the lands of said Brozdowski N 23 degrees 27' 00" W 104.00 feet to an iron pipe driven in the ground; thence (4) still along the lands of said Brozdowski S 65 degrees 24' 00" W 275.57 feet to an iron pipe in the line now or formerly of lands of Mrs. Paul Pristupoff; thence (5) along the lands of said Pristupoff and along a stone wall S 33 degrees 08' 20" E 204.83 feet to a point; thence (6) along other lands now or formerly of Thaddeus & Theresa M. Sobiech N 60 degrees 48' 00" E 430 feet to the point or place of beginning.

For Mortgage and Conveyance Purposes Only:

TOGETHER with and subject to a right-of-way fifty feet in width from the Southeasterly corner of the above described premises in common with others from said point southerly to a 33 foot right-of-way which is North 27 degrees 15' West, 213 feet and North 27 degrees 15' West 492.77 feet from the end of the next to the last course of the premises conveyed by Eva Pristupoff to Vincent Kosuga and Pauline Kosuga by deed dated June 1, 1964 and recorded in the Orange County Clerk's on June 4, 1964 in Liber 1664 at p233 and together with a 33 foot right-of-way running from the end of said fifty foot right-of-way South 27 degrees 15' East 492.77 feet to a point which is North 27 degrees West 213 feet from the end of the next to the last course in the above referred to deed thence over a 25 foot right-of-way, in common with others from the said point South 27 degrees 15' East to the middle to the Liberty Corners Road.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided by the Government regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its liens, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the government say otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice may(a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable. (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) as holder of this mortgage, in any action to foreclose it, have a receiver appointed, and (d) enforce any and all other rights and remedies provided herein or by present or future law.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby with interest to the date of sale, (d) inferior liens of record required by law to be so paid or duly approved and allowed by court order or otherwise, (e) at the government's option, any other indebtedness of Borrower owing to the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower

LIBER 7993 PAGE 304

expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, curtsey.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be :d as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the vernment's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bonafide offer, refuse to 5otiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, igion, sex, handicap, familial status, age or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply h or attempt to enforce any restrictive covenants on the dwelling relating to race, color religion, sex, handicap, familial status, age or ional origin.
'21) Borrower further agrees that the loans secured by this instrument will be in default should any loan proceeds be used for a purpose that 1 contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as hibited by 7 C.F.R. part 1940, subpart G.
'22) This instrumental shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the oress provisions hereof.
'23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other iress is designated in a notice so given, in the case of the Government to **New York State Farm Service Agency Office, Suite 356, 5th >or, 441, South Salina Street, Syracuse, New York 13202-2455.** And in the case of Borrower to the address shown in the Government 1ance Office records (which normally will be the same as the post office address shown above).
AND THAT, except to any extent that such construction conflicts with express provisions of this mortgage:
(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect 1er provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the >visions hereof are declared to be severable.
(25) This mortgage is also intended to be a financing statement within the meaning of Article 9 of the Uniform Commercial Code covering tures attached to the above-described real estate, now owned or hereafter required; and crops growing or to be grown on the above-described il estate.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hands and seals this _____19th_____ day _____September_____, 2000.

the presence of
S NICHRIS CORP.:

_____
IOMAS P. SOBIECH, OWNER

AS INDIVIDUALS:

_____(SEAL)
ROBIN SOBIECH

_____(SEAL)
THOMAS P. SOBIECH f/k/a Thomas Sobiech

ACKNOWLEDGEMENT

:ATE OF NEW YORK  )
                  ) SS:
OUNTY OF **ORANGE**  )

On the _____ day of SEPTEMBER in the year 2000 Before me, the undersigned, a Notary ublic in and for said State, personally appeared David F. Breen, personally known to me or proved to me on the basis f satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and :knowledged to me that he/she executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) 1 the instrument, the individual(s) or the person on behalf of which the individual(s) acted, execute the instrument.

;EAL)

_____
Notary Public

[y commission expires _____

_____
Title

LIBER 7993 PAGE 305/304

STATE OF NEW YORK )
                  ) :SS:
COUNTY OF Orange  )

On the 19th day of Sept f/k/a Thomas Sobiech, 2000, before me, the undersigned, personally appeared **THOMAS P. SOBIECH** and **ROBIN SOBIECH**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC

GARY M. SOBO
Notary Public, State of New York
Qualified in Orange County
Commission Expires April 30, 19__ 2001

LIBER 7993 PAGE 306

MORTGAGE AMOUNT:  $ 486,367.39
MORTGAGEE:   USDA, Farm Service Agency
MORTGAGOR:   THOMAS P. SOBIECH AND ROBIN SOBIECH
             THOMAS P. SOBIECH D/B/A NICHRIS CORP.
STATE: New York
COUNTY:  ORANGE


STATE OF NEW YORK       )
                        )
COUNTY OF ORANGE        )

   George A. Stannard being duly sworn, deposes and says: I am the Farm Loan Manager for the Farm Service Agency, a unit of the United States of America, within the United States Department of Agriculture.

   The United States of America is exempt from payment of mortgage taxes under the Supremacy Clause of the Constitution. Specific exemptions are also codified at 7 USC 1984 (1) and 42 USC 1940h(1).

   This affidavit is made to support a request for exemption from mortgage tax.

                                                George A. Stannard
                                                Farm Loan Manager
                                                Farm service Agency

SWORN BEFORE ME THIS  15th  DAY OF  September .
2000.


(SEAL)                                  _____
      CAROL B. RONNE                      NOTARY PUBLIC
  Notary Public, State of New York
       No. 01RO6004975
    Qualified in Orange County
 Commission Expires March 30, 2022



LIBER 7993 PAGE 307