Joseph J. Haspel
Attorney for Defendants
40 Matthews Street, Ste. 201
Goshen, NY 10924
845-294-8950

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,                    Case No. 07 Civ. 6335

        Plaintiff,

    - against -

THOMAS P. SOBIECH, ROBIN SOBICH,            **ANSWER**
NICHRIS CORPORATION, PINE ISLAND
GROUP, INC. GOTHAM RENOVATION
GROUP, INC. ORANGE COUNTY TRUST
COMPANY, JOSEPH WU, SHARYLAND
L.P. d/b/a/ PLANTATION PRODUCE
COMPANY, M&M PACKAGING, INC.,
MELLON BANK, UNITED PENN BANK,
PIETRZAK & PFAU ENGINEERING &
SURVEYING, PLLC, JOHN DOE NOS.
1-10 and JANE DOES NOS. 1-10,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Defendants, Thomas P. Sobiech, Robin Sobiech and Nichris Corporation (collectively,

"Sobiech/Nichris"), by their attorney, Joseph J. Haspel, as a for their answer to the Complain of

the United States of America, state as follows:

      1.      Insofar as Paragraph 1 of the Complaint is introductory, Sobiech/Nichris neither

admits nor denies such allegations.

      2.      Insofar as Paragraph 2 of the Complaint contains a conclusion of law,

Sobiech/Nichris neither admits nor denies such allegations, but refers the issue of law to the

Court. Sobiech/Nichris does not challenge the conclusion of law.

 3. Insofar as Paragraph 3 of the Complaint contains a conclusion of law,
Sobiech/Nichris neither admits nor denies such allegations, but refers the issue of law to the
Court. Sobiech/Nichris does not challenge the conclusion of law.

 4. Sobiech/Nichris denies knowledge and information sufficient to form a belief as
to the allegations set forth in Paragraph 4 of the Complaint.

 5. Sobiech/Nichris admits the allegations set forth in Paragraph 5 of the Complaint.

 6. Sobiech/Nichris denies knowledge and information sufficient to form a belief as
to the allegations set forth in Paragraph 6 of the Complaint, except Nichris admits that it may
have a lien on the subject premises.

 7. Sobiech/Nichris denies knowledge and information sufficient to form a belief as
to the allegations set forth in Paragraph 7 of the Complaint.

 8. Sobiech/Nichris denies knowledge and information sufficient to form a belief as
to the allegations set forth in Paragraph 8 of the Complaint.

 9. Sobiech/Nichris denies knowledge and information sufficient to form a belief as
to the allegations set forth in Paragraph 9 of the Complaint.

 10. Sobiech/Nichris denies knowledge and information sufficient to form a belief as
to the allegations set forth in Paragraph 10 of the Complaint.

 11. Sobiech/Nichris denies knowledge and information sufficient to form a belief as
to the allegations set forth in Paragraph 11 of the Complaint.

 12. Sobiech/Nichris denies knowledge and information sufficient to form a belief as
to the allegations set forth in Paragraph 12 of the Complaint.

 13. Sobiech/Nichris denies knowledge and information sufficient to form a belief as

to the allegations set forth in Paragraph 13 of the Complaint.

14.    Sobiech/Nichris denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the Complaint.

15.    Sobiech/Nichris denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 15 of the Complaint.

16.    Sobiech/Nichris denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 16 of the Complaint.

17.    Insofar as the allegations set forth in Paragraph 17 of the Complaint refer to a written document, Sobiech/Nichris neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

18.    Insofar as the allegations set forth in Paragraph 18 of the Complaint refer to a written document, Sobiech/Nichris neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

19.    Insofar as the allegations set forth in Paragraph 19 of the Complaint refer to a written document, Sobiech/Nichris neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

20.    Insofar as the allegations set forth in Paragraph 20 of the Complaint refer to a written document, Sobiech/Nichris neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

21.    Insofar as the allegations set forth in Paragraph 21 of the Complaint refer to a written document, Sobiech/Nichris neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

22.    Insofar as the allegations set forth in Paragraph 22 of the Complaint refer to a

written document, Sobiech/Nichris neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

23. Insofar as the allegations set forth in Paragraph 23 of the Complaint refer to a written document, Sobiech/Nichris neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

24. Insofar as the allegations set forth in Paragraph 24 of the Complaint refer to a written document, Sobiech/Nichris neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

25. Insofar as the allegations set forth in Paragraph 25 of the Complaint refer to a written document, Sobiech/Nichris neither admits nor denies such allegations, but refers the Court to the document which speaks for itself,

26. Insofar as the allegations set forth in Paragraph 26 of the Complaint refer to a written document, Sobiech/Nichris neither admits nor denies such allegations, but refers the Court to the document which speaks for itself. Insofar as the allegations set forth in Paragraph 26 of the Complaint are independent of the written documents, Sobiech/Nichris denies knowledge and information sufficient to form a belief as to the allegations.

27. Insofar as the allegations set forth in Paragraph 27 of the Complaint refer to a written document, Sobiech/Nichris neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

28. Insofar as the allegations set forth in Paragraph 28 of the Complaint set forth a current declaration, Sobiech/Nichris neither admits nor denies such current declaration.

29. Sobiech/Nichris denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 29 of the Complaint.

30.    Sobiech/Nichris denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 30 of the Complaint.

31.    Sobiech/Nichris denies the allegations set forth in Paragraph 30 of the Complaint.

32.    Sobiech/Nichris denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 32 of the Complaint.

33.    Sobiech/Nichris denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 33 of the Complaint.

34.    Sobiech/Nichris repeats its answers in the preceding paragraphs.

35.    Insofar as the allegations set forth in Paragraph 35 of the Complaint refer to a written document, Sobiech/Nichris neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

36.    Insofar as the allegations set forth in Paragraph 36 of the Complaint refer to a written document, Sobiech/Nichris neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

37.    Insofar as the allegations set forth in Paragraph 37 of the Complaint refer to a written document, Sobiech/Nichris neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

38.    Sobiech/Nichris denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 38 of the Complaint.

39.    Sobiech/Nichris denies the allegations set forth in Paragraph 39 of the Complaint.

40.    Insofar as the allegations set forth in Paragraph 40 of the Complaint set forth a current declaration, Sobiech/Nichris neither admits nor denies such current declaration.

41.    Sobiech/Nichris denies knowledge and information sufficient to form a belief as

to the allegations set forth in Paragraph 41 of the Complaint.

42.    Sobiech/Nichris denies the allegations set forth in Paragraph 42 of the Complaint.

43.    Sobiech/Nichris denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 43 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44.    Sobiech/Nichris operates a farm in Orange County on the real property which is the subject of this litigation.

45.  .  The Sobiech/Nichris farm boarders a navigable waterway of the United States, namely the Wallkill River.

46.    The United States, through, upon information and belief, the Army Corps of Engineers, had commenced, but never completed an engineering project to address the flooding of the Wallkill River.

47.    As a result of the work of the United States, when Sobiech/Nichris' floods in the normal course, the flood waters do not recede.

48.    As a result of the work of the United States, Sobiech/Nichris has experienced disastrous floods, which disasters the Plaintiff has recognized.

49.    Sobiech/Nichris has been promised debt relief by Plaintiff (Secretary of Agriculture), as well as various elected politicians of the United States, including Senator Schumer and Congressman Hall.

50.    Sobiech/Nichris has relied upon Plaintiffs promises.

51.    As a result of the foregoing, Sobiech/Nichris is entitled to an equitable offset of all or part of the monies allegedly due and owing.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

52.     Sobiech/Nichris repeats the statements made in Paragraphs 44 through 51 as if fully set forth herein.

53.     As a result of the foregoing, and through the monies paid heretofore, there has been an accord and satisfaction of the debts alleged in the Complaint.

WHEREFORE, it is respectfully submitted that the Complaint be dismissed in total.

Respectfully submitted,

Joseph J. Haspel
*Attorney for Defendants Sobiech*
*And Nichris*
40 Matthews Street
Suite 201
Goshen, New York  10924
845-294-8950