MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KRISTIN L. VASSALLO
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Telephone:  (212) 637-2822
Facsimile:  (212) 637-2730

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
UNITED STATES OF AMERICA            :
                                    :      ECF Case
              Plaintiff,            :
                                    :
      v.                            :      AMENDED COMPLAINT
                                    :
THOMAS P. SOBIECH, ROBIN SOBIECH,   :      07 Civ. 6335 (CLB) (LMS)
NICHRIS CORPORATION, ORANGE         :
COUNTY TRUST COMPANY, SHARYLAND     :
L.P. d/b/a PLANTATION PRODUCE       :
COMPANY, JOHN DOES NOS. 1-10 and    :
JANE DOES NOS. 1-10,                :
                                    :
              Defendants.           :
------------------------------------ x

Plaintiff, United States of America, acting through the Farm Service Agency, formerly the Farmers Home Administration, United States Department of Agriculture (hereinafter, the "United States" or the "Government"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its amended complaint herein alleges upon information and belief as follows:

### INTRODUCTION

1.  This is an action brought by the United States to foreclose mortgages on property in the Town of Warwick, County of

Orange and State of New York, within the Southern District of New York.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b), in that the property at issue is located within the jurisdiction of the Southern District of New York.

## THE PARTIES

4. The Farm Service Agency, formerly the Farmers Home Administration, United States Department of Agriculture (the "FSA"), is an agency of the United States. The United States is a sovereign and body politic.

5. Defendants Thomas P. Sobiech and Robin Sobiech reside at 1005 County Route 1, Pine Island, New York 10969.

6. Defendant Nichris Corporation, 3 Brozdowski Lane, Pine Island, New York 10969, is named as a defendant herein because it has, or may claim to have, an interest in, claim, or lien against the property that is the subject of this action.

7. Defendant Orange County Trust Company, 212 Dolson Avenue, P.O. Box 790, Middletown, New York 10940, is named as a defendant herein because it has, or may claim to have, an interest in, claim, or lien against the property that is the subject of this action.

8. Defendant Sharyland L.P. d/b/a Plantation Produce Company, 2707 East FM1016, P.O. Box 1043, Mission, Texas 78573-1043, is named as a defendant herein because it has, or may claim to have, an interest in, claim, or lien against the property that is the subject of this action.

9. John Does Nos. 1-10 and Jane Does Nos. 1-10 may be persons or parties in possession of, having or claiming an interest in or lien on the property that is the subject of this action.

COUNT I - FORECLOSURE OF REAL ESTATE MORTGAGES

10. On or about May 8, 1997, Nichris Corporation obtained two loans from the Government in the amounts of $160,340.00 and $82,830.00, respectively. These loans are evidenced by two promissory notes, both dated May 8, 1997, which were made in the amounts of $160,340.00 and $82,830.00, respectively, and were to be repaid according to the terms set forth therein. Both promissory notes were signed by Thomas P. Sobiech, both in his individual capacity and on behalf of Nichris Corporation. Copies of these promissory notes are attached hereto as Exhibits 1 and 2, respectively, and incorporated herein.

11. To secure repayment of the indebtedness set forth in paragraph 10, Thomas P. Sobiech, Robin Sobiech, and Thomas P. Sobiech d/b/a Nichris Corporation executed, acknowledged, and

delivered to the Government a real estate mortgage dated May 8, 1997 (the "May 8, 1997 Mortgage"), covering the parcels of property more particularly described therein (collectively, the "Real Property"). The May 8, 1997 mortgage was recorded in the Orange County Clerk's Office on May 8, 1997, in Liber 6150 of Mortgages at Page 306. A copy of the May 8, 1997 Mortgage is attached hereto as Exhibit 3, and incorporated herein.

12. On or about May 7, 1999, the loans set forth in paragraph 10 were reamortized. The reamortizations are evidenced by two promissory notes dated May 7, 1999, in the amounts of $174,359.65, and $87,007.74, respectively. These notes represent a modification, but not a replacement or payment, of the prior notes. Copies of these promissory notes are attached hereto as Exhibits 4 and 5, respectively, and incorporated herein.

13. On or about May 7, 1999, Nichris Corporation and Thomas P. Sobiech obtained a loan from the Government in the amount of $150,000.00. This loan is evidenced by a promissory note dated May 7, 1999, in the amount of $150,000, which was to be repaid according to the terms set forth therein. A copy of this promissory note is attached hereto as Exhibit 6, and incorporated herein.

14. To secure the repayment of the indebtedness set forth in paragraphs 12 and 13, Thomas P. Sobiech and Robin Sobiech executed, acknowledged, and delivered to the Government a

real estate mortgage dated May 7, 1999 (the "May 7, 1999 Mortgage"), covering the Real Property pledged as collateral for the May 8, 1997 Mortgage. The May 7, 1999 Mortgage was recorded in the Orange County Clerk's Office on May 27, 1999, in Liber 7234 of Mortgages at Page 322. A copy of the May 7, 1999 Mortgage is attached hereto as Exhibit 7, and incorporated herein.

15. On or about September 18, 2000, Nichris Corporation obtained a loan from the Government in the amount of $75,000.00. This loan is evidenced by a promissory note dated September 18, 2000, in the amount of $75,000, which was to be repaid according to the terms set forth therein. This promissory note was signed by Thomas P. Sobiech, both in his individual capacity and on behalf of Nichris Corporation. A copy of this promissory note is attached hereto as Exhibit 8, and incorporated herein.

16. To secure the repayment of this indebtedness set forth in paragraph 15, Robin Sobiech, Thomas P. Sobiech f/k/a Thomas Sobiech, and Thomas P. Sobiech d/b/a Nichris Corporation executed, acknowledged, and delivered to the Government a real estate mortgage dated September 19, 2000 (the "September 19, 2000 Mortgage"), covering the Real Property pledged as collateral for the May 8, 1997 Mortgage and the May 7, 1999 Mortgage, as well as two additional parcels of property ("Section 3, Block 1, Lot 44"

and "Section 3, Block 1, Lot 43"). The September 19, 2000 Mortgage was recorded in the Orange County Clerk's Office on September 27, 2000, in Liber 7993 of Mortgages at Page 291. A copy of this mortgage is attached hereto as Exhibit 9, and incorporated herein.

17. The promissory notes set forth in paragraphs 10, 12, 13 and 15 (collectively, the "Promissory Notes") provide, inter alia, that default under the Promissory Notes shall constitute default under any other instrument evidencing a debt of Thomas P. Sobiech, Robin Sobiech and Nichris Corporation (collectively, the "Borrowers") owing to or insured by the Government, or any instrument securing or otherwise relating to such a debt, and that a default under any other such instrument shall constitute a default under the Promissory Notes.

18. The May 8, 1997 Mortgage, the May 7, 1999 Mortgage, and the September 19, 2000 Mortgage (collectively, the "Mortgages") required the Borrowers to pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the Real Property described in the Mortgages, and to keep the Real Property insured. The Mortgages further provided that in the event of a default in making such payments, the Government was authorized to make such payments as advances for the account. Pursuant to the terms of the Mortgages, such advances together with the interest thereon

are immediately due and payable by the Borrowers to the Government, without demand, and are secured by the Mortgages.

19. Defendants Thomas P. Sobiech and Nichris Corporation failed to comply with the provisions and conditions of the Promissory Notes and Mortgages by failing to make payment of principal and interest when due. As a result, the Government accelerated the aforementioned loans on March 23, 2005. Copies of letters informing Thomas P. Sobiech and Nichris Corporation that the Government accelerated these loans are attached hereto as Exhibit 10, and incorporated herein.

20. By letters dated July 25, 2006, and forwarded by certified mail, return receipt requested, and by first class mail, the United States again informed defendants Thomas P. Sobiech, Robin Sobiech and Nichris Corporation that they were in default on the Mortgages. This letter advised these defendants that the Mortgages would be foreclosed if satisfactory payment was not received by August 24, 2006. Copies of the July 25, 2006 letters are attached hereto as Exhibit 11, and incorporated herein.

21. Because of the breach of the provisions of the Promissory Notes and Mortgages, the Government hereby declares the entire amount of the indebtedness evidenced by the Promissory Notes and Mortgages to be immediately due and payable.

22. The Government is the present owner and holder of the Promissory Notes and Mortgages.

23. No other action has been brought to enforce the provisions of the aforesaid Promissory Notes and Mortgages, and all conditions precedent to the bringing of the action have been performed or have occurred.

24. There is now justly due the Government on the Promissory Notes and Real Estate Mortgages the following sums:

| | |
|---|---|
| Principal and Advances | $ 469,575.49 |
| Interest through November 6, 2007 | $  91,053.28 |
| TOTAL | $ 560,628.77 |

together with interest at the rate specified on the Promissory Notes on principal and all advances from November 8, 2007, at the daily rate of $54.1536 from that date.

25. In order to protect its security interest in the Real Property, the Government may be compelled, during the pendency of this action, to make advances for payment of taxes, insurance premiums, water and sewer charges, municipal assessments and maintenance, and other charges affecting the Real Property, but the nature and amount thereof is unknown to the Government at this time. Nevertheless, the Government requests that any sum so paid be added to the sum otherwise due and be deemed secured by the Mortgages and adjudged a valid lien on the premises herein described.

26. Defendants Orange County Trust Company and Sharyland L.P. d/b/a Plantation Produce Company have been joined herein because they may have or claim to have some interest in or lien upon the Real Property or some part thereof, which interest or lien, if any, is subsequent or subordinate to the liens of the Government's Mortgages that are the subject of this action.

27. United Penn Bank and Profit Sharing Plan Trust for Employees of Judelson, Giordano & Siegel, C.P.A. may have or claim to have some interest in or lien upon the Real Property or some part thereof, that is prior or senior to the liens of the Government's Mortgages that are the subject of this action.

COUNT II - FORECLOSURE OF SECURITY AGREEMENTS

28. The Government incorporates by reference each and every allegation set forth in the preceding paragraphs of this complaint.

29. To secure payment of the indebtedness set forth in paragraphs 10 and 15, and other purposes, Nichris Corporation executed and delivered to the Government two security agreements dated May 8, 1997 and September 18, 2000 (collectively, the "Security Agreements"), whereby Nichris Corporation granted to the Government a security interest in all of its farm and other equipment, and crops then owned and thereafter acquired among other things (collectively, the "Equipment and Inventory"). The Security Agreements were signed by Thomas Sobiech, both in his

individual capacity, and on behalf of Nichris Corporation. Copies of the Security Agreements are attached hereto as Exhibits 12 and 13, and incorporated herein.

  30. The Government perfected and maintained its security interest in the Equipment and Inventory by filing Financing Statement Number 01771 on April 29, 1997, in the Orange County Clerk's Office. This financing statement was continued via a financing statement "in lieu of filing" with the New York Secretary of State on March 11, 2002. A copy of this financing statement and the continuation statement are attached hereto as Exhibit 14, and incorporated herein.

  31. The Government further perfected and maintained its security interest in the Equipment and Inventory by filing Financing Statement Number 090838 on May 5, 1997 with the New York Secretary of State. A continuation statement was filed on April 4, 2002, as file number 078017. A copy of this financing statement and the continuation statement are attached hereto as Exhibit 15, and incorporated herein.

  32. The Government is now the owner and holder of the Promissory Notes and Security Agreements.

  33. Defendants Nichris Corporation and Thomas P. Sobiech failed to comply with the provisions and conditions of the Promissory Notes and Security Agreements by failing to make payment of principal and interest when due, thus making it

necessary for the Government to pay the same in order to protect its interest. As a result, the Government accelerated he aforementioned loans on March 23, 2005. <u>See</u> Paragraph 19 above.

    34. Because of the breach of the provisions of the Promissory Notes and Security Agreements, the Government hereby declares the entire amount of the indebtedness evidenced by the Promissory Notes and Security Agreements to be immediately due and payable.

    35. No other action has been brought to enforce the provisions of the aforesaid Promissory Notes and Security Agreements, and all conditions precedent to the bringing of the action have been performed or have occurred.

    36. There is now justly due the Government on the Promissory Notes and Security Agreements the following sums:

| | |
|---|---|
| Principal and Advances | $ 469,575.49 |
| Interest through November 6, 2007 | $   91,053.28 |
| TOTAL | $ 560,628.77 |

together with interest at the rate specified on the Promissory Notes on principal and all advances from November 6, 2007, at the daily rate of $54.1536 from that date.

    WHEREFORE, plaintiff, United States of America, demands:

    (a) judgment holding Thomas P. Sobiech and Nichris Corporation in default on the Promissory Notes and Thomas P.

Sobiech, Nichris Corporation and Robin Sobiech in default on the Mortgages;

    (b) an adjudication of the amount due plaintiff on the Promissory Notes and Mortgages;

    (c) judgment holding that the named defendants and all other persons whose claim is subsequent to or recorded after the filing of notice of pendency of this action in the Orange County Clerk's Office in the State of New York be forever barred and foreclosed from all right, title, claim, lien or other interest in the Real Property;

    (d) judgment permitting the Government to take possession of the Equipment and Inventory, dispose of the Equipment and Inventory at a public or private sale in accordance with the terms of the parties' Security Agreements and the Uniform Commercial Code, and apply the proceeds of the sale to the costs of this action and then to the debt;

    (e) an order consolidating the Mortgages and directing the foreclosure and sale of the Real Property with the proceeds to be first applied to pay the liens of taxing authorities entitled to priority, if any, and thereafter to amounts due plaintiff under the Promissory Notes and Mortgages, with interest to the date of payment, plus costs and disbursements of this action; and

(f) such further relief as the Court may deem just and proper.

Dated: New York, New York
       November 7, 2007

>                    MICHAEL J. GARCIA
>                    United States Attorney for the
>                    Southern District of New York
>                    Attorney for the United States
>                    of America
>
>              By:   _____
>                    KRISTIN L. VASSALLO
>                    Assistant United States Attorney
>                    86 Chambers Street
>                    New York, New York  10007
>                    Telephone: (212) 637-2822
>                    Facsimile: (212) 637-2730