USDA-FmHA
Form FmHA 1940-17
(Rev. 4-92)

## PROMISSORY NOTE

| KIND OF LOAN | |
|---|---|
| Type: __EM__ | XX Regular |
| | ☐ Limited Resource |
| Pursuant to: | |
| ☐ Consolidated Farm & Rural Development Act | |
| XX Emergency Agricultural Credit Adjustment Act of 1978 | |

| Name | | |
|---|---|---|
| NICHRIS CORPORATION A/K/A THOMAS P. SOBIECH | | |
| State | County | ACTION REQUIRING NOTE |
| NEW YORK | ORANGE | ☐ Initial loan    X Rescheduling |
| Case No. | Date | ☐ Subsequent loan  ☐ Reamortization |
| 37-036-0061338926 | MAY 7, 1999 | ☐ Consolidated &  ☐ Credit sale |
| | | subsequent loan  X Deferred payments |
| Fund Code | Loan No. | ☐ Consolidation  ☐ Debt write down |
| 43 | 06 | ☐ Conservation easement |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __MIDDLETOWN, NEW YORK__

_____, or at such other place as the Government may later designate in writing, the principal sum of

__EIGHTY SEVEN THOUSAND SEVEN AND 74/100*************************************__ dollars

($ __87,007.74****************************__), plus interest on the unpaid principal balance at the RATE of

__THREE AND THREE QUARTERS__ percent (__3.75*********__ %) per annum and

__***************************************************__ dollars ($__******************__) of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __15 (FIFTEEN)__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| $ 0.00 | on 5/7/00 | ; $ 0.00 | on 5/7/01 ; |
| $ 0.00 | on 5/7/02 | ; $ 0.00 | on 5/7/03 ; |
| $ 0.00 | on 5/7/04 | ; $ 12,227.00 | on 5/7/05 ; |
| $ | on | ; $ | on ; |
| $ | on | ; $ | on ; |
| $ | on | ; $ | on ; |

and $ __12,227.00__ thereafter on __MAY 7TH__ of each __YEAR__ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable __FIFTEEN (15)__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 43-02 | $82,830.00 | 3.75 % | 5/8/97 , 19 | THOMAS P. SOBIECH | 5/8/04 , 19 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

SIGNED AS NICHRIS CORPORATION:

THOMAS P. SOBIECH, OWNER

(SEAL)

SIGNED AS INDIVIDUAL:

THOMAS P. SOBIECH, INDIVIDUAL          (Borrower)

PO BOX 221

PINE ISLAND, NY   10969

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |